UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2018 MAR 26  PM 1:41
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

| | | |
|---|---|---|
| CANDIDA ORTA, | } | Case No. |
| PLAINTIFF | } | 8:18-cv-716-T-27AAS |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| JEFFERSON CAPITAL SYSTEMS, LLC | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff CANDIDA ORTA, through her attorney, brings this action to challenge the actions of Defendant JEFFERSON CAPITAL SYSTEMS, LLC, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiffs. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE



4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the City of Temple Terrace, County of Hillsborough, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

7. Plaintiff is a natural person.

8. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) because she was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

11. In March, 2005, Plaintiff received a personal credit card from Aspire. Plaintiff had that credit card until December, 2009, when the account was closed. Plaintiff never missed a payment and

was never late. Therefore, Plaintiff does not owe and has never owed a debt relating to that credit card. Aspire reported the same on Plaintiff's (Experian) credit report: as of March 21, 2018, it currently shows that the account is "closed," "paid satisfactorily," and "never late."

12. At some point prior to approximately October 10, 2017, Defendant acquired an account consisting of an alleged debt Plaintiff allegedly owes regarding Plaintiff's personal credit card described in paragraph 11, above.

13. Between October 10, 2017 and December 14, 2017, Defendant called Plaintiff multiple times attempting to collect upon the alleged debt.

14. On December 14, 2017, Defendant mailed Plaintiff a dunning letter attempting to collect upon the alleged debt. This dunning letter contains text indicating that it was the first written communication Defendant made to Plaintiff regarding the alleged debt.

15. Between December 14, 2017 and March 23, 2018, Defendant called Plaintiff multiple times attempting to collect upon the alleged debt.

16. As a result of Defendant's debt collection activities, Plaintiff suffered from extreme high blood pressure and complications with regard to her chronic lymphocytic leukemia. As a result of Defendant's debt collection activities, Plaintiff additionally suffered from stress, anger, headaches, tension, and anxiety, among other forms of physical and emotional pain.

## FIRST CLAIM FOR RELIEF

**Violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

17. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

18. By contacting Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

19. By contacting Plaintiff for debt collection purposes and attempting to collect an amount not authorized by an agreement creating the debt or permitted by law, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C.§1692f(1).

20. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

21. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

22. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

23. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Actual damages in the maximum amount as the court seems proper and may provide;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 23rd day of March, 2018,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com